# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUL 25 2022**

JEFFREY P. COLWELL
CLERK

_____Matthew Manuel Barnett_____, Applicant,

v.

Dean Williams, Executive Director of the Colorado Department of Corrections, Respondent,
(Name of warden, superintendent, jailer, or other custodian)

and

The Attorney General of the State of: __Colorado_____, Additional Respondent.

(*Note: If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you are attacking the execution of your sentence and not the validity of a state conviction or sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.*)

---

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A.  **APPLICANT INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Matthew Manuel Barnett DOC# 184882 Delta Correctional Center 11363 Lockhart Rd. Delta, CO 81416
(Applicant's name, prisoner identification number, and complete mailing address)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

B.  **RESPONDENT(S) INFORMATION**

Dean Williams, Executive Director of the Colorado Department of Corrections
(Respondent's name and complete mailing address)

1250 Academy Park Loop Colorado Springs, CO 80910

C.  **CONVICTION UNDER ATTACK**

Name of the court that entered the
judgment of conviction:              El Paso County District Court

Date the conviction was entered:     May 02nd, 2019

Case number:                         17CR2682

Length and type of sentence:         8 years DOC

Are you serving any other sentence?  _X_ Yes ___ No (*check one*)

2

Offense(s) you were convicted of
committing:                              Attempt to Influence a Public Servant

What was your plea?                      Not Guilty

Kind of trial:                           _X_ Jury ___ Judge only (*check one*)

### D.   DIRECT APPEAL

Did you file a direct appeal?            _X_ Yes ___ No (*check one*)

Name of the court in which the direct
appeal was filed:                        Court of Appeals of Colorado, Division Four

Date and result of direct appeal:        December 3rd, 2020

Did you seek review in the state's highest
court on direct appeal?                  _X_ Yes ___ No (*check one*)

Date and result of review in the state's
highest court:                           Writ of Certiorari denied August 16, 2021 and US
Supreme Court Writ of Cert Denied January 10, 2022

If you did not file a direct appeal, explain
why:                                     _____

### E.   POSTCONVICTION PROCEEDINGS

Have you initiated any other postconviction proceedings in any state court with respect to the judgment under attack? _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have initiated more than one postconviction proceeding, use additional paper to provide the requested information for each prior proceeding. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. POSTCONVICTION PROCEEDINGS."*

Name and location of court:              El Paso County Dist. Court Colorado Springs CO

Type of proceeding:                      Filed JDF4 Petition for Post-Conviction relief 35C

3

Date filed:                                   July 18th, 2022

Date and result:                              Currently waiting on answer

Did you appeal?                               ___ Yes ___ No (*check one*)

Date and result on appeal:                    _____

Did you seek review in the state's
highest court?                                ___ Yes ___ No (*check one*)

Date and result:                              _____


**F.     STATEMENT OF CLAIMS**

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "F. STATEMENT OF CLAIMS."*

*WARNING: If you fail to assert all of your claims in this application, you may be barred from presenting additional claims at a later date.*

CLAIM ONE:  Ineffective counsel failure to object and lying to client about Speedy Trial

Supporting facts: 1.    Defendant presents a claim that trial counsel performed ineffectively by not raising the speedy trial issue in the trial court. Counsel Damon Cassens and Cynthia McKedy knowingly and maliciously allowed violation of my right to a fair and speedy trial even though I asserted by motions and in person. They both lied stating that no violation occurred even though Ms. McKedy stated on the record she thought that there was a violation she put forth no effort to the contrary and allowed the trial to continue once again I asserted and I did not agree on the record objecting to the setting of a trial date. See People v. Taylor Because the district court violated Taylor's statutory right to a speedy trial, we grant Taylor the only remedy the law permits for a speedy trial violation. We vacate the judgment of conviction and remand to the district court with instructions to dismiss the charges filed against Taylor with prejudice. People v. Taylor, 2020 COA 79, P3, 467 P.3d 1272, 1273, 2020 Colo. App. LEXIS 944, *2, 2020 WL 2478889 (Colo. Ct. App. May 14, 2020) The new speedy trial began to run again after the withdraw of my not guilty plea on October 12, 2017. See See People v. Madsen The Colorado Supreme Court held that the speedy trial period was tolled during the interregnum between the entry and withdrawal of the guilty plea and that a new six-month speedy trial period began to run from the date that the defendant was allowed to withdraw his guilty plea. See People v. Cass, 68 P.3d 537, 538; 2002

4

Colo. App. LEXIS 1959, *2 (Colo. Ct. App. November 7, 2002) People v. Madsen, supra, 707 P.2d at 346-48. Mr. Cassens withdrew as my attorney September 10th 2018 11 months after my enter of not guilty by reason of insanity and the withdraw of this trailing case 17C2682 see page Line 25 Transcript record 9-10-2018. On record for September 20th 2018 Ms. McKedy made erroneous statements about my speedy trial dates and I objected to the dates for the trials being set SEE line 20 page 4 Defendants objection trial transcripts 9-20-2018 See US Constitution sixth amendment and Colorado. Const. Art. II, § 16, <u>Strickland v. Washington</u>, 466 u.s. 668, 104 s. Ct. 2052, 80 l. Ed. 2d 674 (1984) Relief Sought Dismissal Sixth Amendment right to a speedy trial. Courts must balance the following four factors when analyzing whether a defendant's constitutional right to a speedy trial has been violated: 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his right, and 4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)
United States v. Bert, 814 F.3d 70, 87, 2016 U.S. App. LEXIS 2156, *36 (2d Cir. N.Y. February 9, 2016)

Additional pages at end

### G.    EXHAUSTION OF STATE REMEDIES
*WARNING: You must exhaust available state remedies before filing a habeas corpus action in federal court pursuant to 28 U.S.C. § 2254. Your case may be dismissed if you have not exhausted available state remedies.*

Did you fairly present each claim asserted
in this action to the state's highest court?     __X__ Yes   ___ No (*check one*)

If you answered "No," please identify which claim(s) have not been fairly presented to the state's highest court and explain why: **I am in this process and asking this court to toll my Habeas action until the higher courts in Colorado make a decision, thank you.**

### H.    PRIOR FEDERAL ACTIONS
Have you filed any prior actions in any federal court challenging the same conviction or sentence under attack in this action?  ___ Yes __X__ No (*check one*).

If the instant action is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the

5

application? ___ Yes ___ No (*check one*).

*Complete this section of the form if you have filed a prior federal action challenging the same conviction or sentence under attack in this action. If you have initiated more than one prior action, use additional paper to provide the requested information for each prior action. Please indicate that additional paper is attached and label the additional pages regarding prior actions as "H. PRIOR FEDERAL ACTIONS."*

Name and location of court: _____

Case number: _____

Type of proceeding: _____

Claim(s) raised: _____

Date and result: (attach a copy if available) _____

Result on appeal, if appealed: _____

## I.   TIMELINESS OF APPLICATION

*If the judgment of conviction or the sentence under attack became final more than one year prior to the commencement of this action, explain why the application is not barred by the one-year limitation period in 28 U.S.C. § 2244(d). If additional space is needed, use extra paper to explain your answer. Please indicate that additional paper is attached and label the additional pages regarding timeliness as "I. TIMELINESS OF APPLICATION."*

**Filed within 1 Year of State Court Decision on direct appeal August 16th, 2021**

## J.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "J. REQUEST FOR RELIEF."*

Claims 1, RELIEF SOUGHT is Dismissal
Claims 3, 4, 5, 6, 7, 8 RELIEF SOUGHT is Reversal
Claims 2, RELIEF SOUGHT is New Trial
Claim 9 New Trial or Reversal

6

## K. APPLICANT'S SIGNATURE

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

*Matthew Manuel Barnest*
(Applicant's signature)

 21st Day of July, 2022
   (Date)
(Form Revised December 2017)

## F.     STATEMENT OF CLAIMS Continued

CLAIM TWO: Fourteenth Amendment Violation Defective Curtis Advisement

Supporting facts: I was given a defective Curtis advisement by Judge Lowrey which prejudiced and negatively influenced my decision to testify in my own defense. An accused has the right, under the Fourteenth Amendment and Colo. Const. art. II, § 25, to testify in his own defense. A standard Curtis advisement requires the trial court to advise a criminal defendant, outside the presence of the jury, that he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility. An advisement that incorrectly informs a defendant about the consequences of testifying is defective and may justify a new trial. People v. Emert, 240 P.3d 514, 516, 2010 Colo. App. LEXIS 827, *1 (Colo. Ct. App. June 10, 2010) See transcripts for 17CR2682 Colorado v Barnett (Page 210 lines 21-24) A defendant's opportunity to challenge whether his or her waiver of the right to testify was knowing, voluntary, and intelligent is through a post-conviction proceeding and not on direct appeal. In Blehm we described two types of advisements, those that were "adequate" and those that were "inadequate." An adequate advisement is given when the trial court informs the defendant of each of the five elements we identified in Curtis. See Blehm, 983 P.2d at 793. An inadequate advisement is one where the defendant is not informed of those five elements. Id. at 794. In Blehm, we said that a defendant who is advised of the five elements is not entitled to either an evidentiary hearing or a new trial. Id. In contrast, we said that a defendant who is not advised of the five elements is entitled to a post-conviction hearing to determine whether his waiver of the right to testify was in fact knowing, voluntary, and intelligent, and, if the district court concludes that the defendant's waiver was not valid, the defendant is entitled to a new trial Moore v. People, 2014 CO 8, P1, 318 P.3d 511, 514, 2014 Colo. LEXIS 57, *1, 2014 WL 351709 (Colo. February 3, 2014). Colo. Crim. P. 32 b (3) Judgment.(I) A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant, the finding of the amount of earned time III) All judgments shall be signed by the trial judge and entered by the clerk in the register of actions. This was not conveyed to me at the time by my attorney or objected to by my attorney so ineffective counsel claim is issued. A Jury verdict alone is not a conviction

CLAIM THREE: Ineffective Counsel U.S. Const. amends. V, XIV violations

Supporting facts: Ineffective counsel claim the defense and appellate attorneys did not pursue this insufficient evidence claim on the record or on appeal. Fraudulent testimony and fabricated evidence by the prosecution that the evidence did not support a conviction a "modicum" of relevant evidence will not rationally support a conviction beyond a reasonable doubt. Likewise, verdicts may not be based on "guessing, speculation, or conjecture." See People v. Gonzales, 666 P.2d 123, 128 (Colo. 1983).People v. Miralda, 981 P.2d 676, 678, 1999 Colo. App. LEXIS 90, *5, 1999 Colo. J. C.A.R. 1803 (Colo. Ct. App. April 1, 1999) the Jury made decisions based on

conjecture that the defendant brought a document to Comcor even though the sole witness stated he did not know where the document came from. The attorney never pointed out that I was at Comcor because the day before Mr. Williams instructed me to be there. Nor did the defense provide the electronic printout that she questioned Mr. Williams about. SEE Colorado v Barnett (Transcript 4-30-2019 PG 173 Line 4-7) This exculpatory evidence was to be part of the exhibits to my defense and Ms. McKedy failed to do so. They also refused to let me see the exhibits in court at trial so I didn't even realize that the evidence that showed Mr. Williams made an error because of Comcors Electronic record was not presented to the jury that day. I believe that through collusion or intimidation this information was suppressed. Accordingly Colorado Rules of Criminal Procedure, prosecutors have a constitutional duty to disclose to the defense any material, exculpatory evidence they possess. U.S. Const. amends. V, XIV; Colo. Const. art. 2, § 25; Colo. R. Crim. P. 16(I)(a)(2). The prosecution's suppression of such evidence violates a defendant's due process rights. To establish such a violation, a defendant must show (1) the prosecution suppressed evidence (2) that is exculpatory or favorable to the defendant and (3) that is material to the case. People v. Flynn, 2019 COA 105, P1, 456 P.3d 75, 78, 2019 Colo. App. LEXIS 1021, *1, 2019 WL 3022589 (Colo. Ct. App. July 11, 2019) The pre trial investigation was lacking as well. Who at Comcor entered this electronic information? And was this the electronic document Mr. Williams was looking at on December 22 when he told me to return the following day to remove my GPS monitoring because it was in his electronic system on the computer. Failed investigation and suppression of evidence by the district attorney. New Trial, Overturn Judgment. Judgment made based on corruption, collusion and lies is not justice. Wrong suspect seeking reversal

CLAIM FOUR:   <u>Ineffective Counsel against Prosecutorial Misconduct Due Process Violation</u>

Supporting facts: The State of Colorado knowingly used perjured testimony in closing arguments Mr. Hostetter referenced perjured testimony from Andre Williams and ADA Matthew Roche and ADA Hostetter (TR 5-1-19 pg 16 line 16) (which exhibit 1 there are two different exhibit 1's in this file) a lawyer shall not knowingly use perjured testimony or false evidence a lawyer shall not knowingly make a false statement of law or fact, a lawyer shall not participate in the creation or preservation of evidence when the lawyer knows, or it is obvious, that the evidence is false, It is fundamental that prosecutors may not present or allow perjured testimony. See United States v. Bagley, 473 U.S. 667, 679 n.8, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (discussing cases including Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959), and Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79 L. Ed. 791 (1935)); De Luzio v. People, 177 Colo. 389, 395, 494 P.2d 589, 592 (1972); People v. Dunlap, 124 P.3d 780, 807 (Colo. App. 2004).People v. Medina, 260 P.3d 42, 48, 2010 Colo. App. LEXIS 1073, *13-14 (Colo. Ct. App. August 5, 2010) ADA Matthew Roche at hearing(Colorado v Barnett TR 5-8-2017 PP14&15) said I gave Comcor a document with Judge Shakes' signature yet even the false documents created by the state had no signatures on it. DR 7-102(A)(4) (a lawyer shall not knowingly use perjured testimony or false evidence); DR 7-102(A)(5) (a lawyer shall not knowingly make a false statement of law or fact),People v. Warner, 873 P.2d 724, 725, 1994 Colo. LEXIS 344, *5, 18 BTR 734 (Colo. May 02, 1994) Mrs. Feist did not even mention the fact that she diligently searched for information on why my GPS was removed. Or that I came to her about the situation before I even reported to Comcor that day December 23, 2016. Ineffective Counsel as well. Seeking Reversal A defendant seeking to vacate a conviction based on perjurious testimony must

9

prove that the testimony was indeed perjured and that the false testimony was material. See United States v. Langston, 970 F.2d 692, 700 (10th Cir. 1992); Gay v. Graham, 269 F.2d 482, 486 (10th Cir. 1959) Quoting United States v. Combs, 1998 U.S. App. LEXIS 778, *2-3, 1998 Colo. J. C.A.R. 450 (10th Cir. Okla. January 20, 1998)

CLAIM FIVE:  Ineffective Counsel     6th Amendment Violation

Supporting facts: The defense attorneys (Ms. McKedy and Mr. Cassens failed to investigate the inconsistency of statements even though I gave them two other witnesses to talk to I claim that the failure to investigate the witnesses deprived me of effective assistance of counsel. In People v Herrera The court reversed the convictions after determining that the public defender's failure to investigate alibi witnesses deprived defendants of effective assistance of counsel. People v. Herrera, 188 Colo. 403, 404, 534 P.2d 1199, 1199, 1975 Colo. LEXIS 682, *1 (Colo. May 12, 1975) She failed to prove her opening statement that Mr. Williams was covering up his mistake. They didn't even question Mr. Williams about our meeting on December 22, 2016 (MY sworn statement was attached to my original 35C) (. They never got the camera footage or interviewed any other Comcor workers. They never questioned my therapist Dina Dunn at the VA. (exhibits were included in 35C) and my previous attorney Mrs. Feist either lied or walked her story back completely I couldn't get a straight answer what her testimony was…after already stating on the record(Colorado v Barnett TR 5-11-2017Page 9 Lines 9-18-2022)  she was an excellent witness to my defense. Ms. McKedy said what I knew was in the record was not what Mrs. Feists testimony was going to be and she was scared and asked not to be put on the stand. It was her duty to defend me she did not. The right to counsel guaranteed by the Sixth Amendment and Colo. Const. art. II, § 16, entitles the defendant in a criminal proceeding to the reasonably effective assistance of an attorney acting as his diligent and conscientious advocate People v. Dillon, 739 P.2d 919, 920, 1987 Colo. App. LEXIS 684, *1 (Colo. Ct. App. January 29, 1987). She never conveyed any plea offers made by the State. Failing to communicate a plea offer to a defendant constitutes prejudice if there is a reasonable probability that the defendant would have accepted the offer if it had been timely communicated. See United States v. Blaylock, supra; cf. United States ex rel. Caruso v. Zelinsky, supra. People v. Perry, 68 P.3d 472, 477, 2002 Colo. App. LEXIS 167, *12-13 (Colo. Ct. App. February 14, 2002) Both attorneys Feist and McKedy failed to defend me and their standards fell below the requisite level. Seeking Reversal

CLAIM SIX:  deprived of his right to due process under the Fifth and Fourteenth Amendment
Supporting facts: The Jury most likely found out that I was in handcuffs because the court let in a class full of High school students sit right behind me with my ankle cuffs plainly visible to them mere feet behind me normally this may not be a problem except for the fact one of the Air Academy student directly behind me knew one of the jurors. (Colorado v Barnett TR 05-01-19 Pg15 Lines10-11) Juror Earls.. Trials, Motions for Mistrial-The presumption of innocence requires the garb of innocence, and every defendant is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. The Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury Hoang v. People, 2014 CO 27, P1, 323 P.3d 780, 782, 2014 Colo. LEXIS 293, *1, 2014 WL 1619013 (Colo. April 21, 2014) People v. Dillon, 655 P.2d 841, 842, 1982 Colo. LEXIS 768, *1 (Colo. December 20, 1982) Seeking

Reversal The grant of the writ of habeas corpus was affirmed because petitioner was deprived of his right to due process under the Fourteenth Amendment when he was visibly shackled before the jury Wilber v. Hepp, 16 F.4th 1232, 1235, 2021 U.S. App. LEXIS 32399, *1 (7th Cir. Wis. October 29, 2021)

CLAIM SEVEN:  Prosecutorial Misconduct 14th & 6th Amendment Violation

Supporting facts: Defendant contends that the jury instruction which included State's evidence 2 is prejudicially defective because it listed information on vehicular homicide I feel this prejudiced the entire jury decision because it incited questions and possibly inflamed the reason I was at Comcor for GPS monitoring in the first place. My attorney should have declared a mistrial and did not. This tainted Jurors question was not even brought to my attention like the other questions were. I found it after reviewing my Court file from my appellate attorney. Evidence is unfairly prejudicial if it introduces extraneous considerations into the trial, such as bias, sympathy, anger, or shock that cause the jury to decide the case on an improper basis. See Masters v. People, 58 P.3d 979, 1001 (Colo. 2002); People v. Dist. Court, 869 P.2d 1281, 1287 (Colo. 1994) Under Colo. R. Evid. 403, "unfair prejudice" refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, such as the jury's bias, sympathy, anger or shock. Perez v. People, 2015 CO 45, 1, 351 P.3d 397, 398, 2015 Colo. LEXIS 521, *1 (Colo. June 15, 2015). Ms.McKedy ineffective counsel prevailed here as well. Exhibit included #3 This warrants reversal. Error in admitting evidence may be cured by instructing the jury to disregard it unless such evidence is so prejudicial that the jury will unlikely be able to erase it from their minds. If it is so prejudicial, a mistrial should be ordered. Edmisten v. People, 176 Colo. 262, 265, 490 P.2d 58, 59, 1971 Colo. LEXIS 719, *1 (Colo. November 1, 1971) As a juror in another case I myself would have been wondering why the defendant was on GPS monitoring and interjecting evidence of homicide into my mind would have made me feel like I needed to convict of something seeing the fact of deadlock on the other charge. The original fabricated evidence alone did not support the conviction so the State of Colorado presented more. I am an innocent man and will continue to prove so no matter the time it takes. Ineffective assistance of counsel for allowing prejudicially erroneous evidence to be sent to the jury during their deliberations. The Sixth Amendment guarantees criminal defendants the right to and impartial, competent, and unimpaired jury. And failing to provide criminal defendants with a fair trial by a panel of impartial jurors also violates the Fourteenth Amendment's guarantee of due process. Turner holds that a jury must decide a case on the evidence presented to the jury in the courtroom. Any other source of information is excluded by what a jury trial demands. The observations of Fue and the discussion of those observations by the jury destroyed its ability to act as a jury. Contaminated Turner v. Louisiana, 379 U.S. 466 The court subsequently recognized that the Sixth Amendment right to a unanimous verdict has not been incorporated against the states, but still ruled that the defendant's right to due process was violated. Wofford v Woods, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued January 9, 2019 (Case No. 16-cv-13083, pp 2-3).People v. Caddell, 332 Mich. App. 27, 52, 955 N.W.2d 488, 504, 2020 Mich. App. LEXIS 2683, *27, 2020 WL 1814307 (Mich. Ct. App. April 9, 2020)

CLAIM EIGHT:  Due Process Violations 14th Amendment Judicial prejudice

Supporting facts: Judge Lowrey expressed his disgust with me based on how he said I disregarded the things Judge Shakes taught me in Veterans Trauma court I was never in VTC nor was I ever under the tutelage of Judge Shakes. I believe Judge Lowrey had actual bias because of his relationship with Judge Shakes and this is most like likely why he denied my motions for effective counsel and speedy trial violations. Pursuant to Colo. Rev. Stat. § 16-6-201(1)(d), a judge shall be disqualified to hear or try a case if she is in any way interested or prejudiced with respect to the case, the parties, or counsel. Like the Due Process Clause, the statute and rule, by their terms, only protect litigants from participation by a judge with actual bias. Colo. Code Jud. Conduct 2.11(A) goes further than Colo. Rev. Stat. § 16-6-201(1)(d) and Colo. R. Crim. P. 21(b) because it permits challenges not grounded on actual bias. People v. Sanders, 2022 COA 47, P1, 2022 Colo. App. LEXIS 615, *1, 2022 WL 1251732 (Colo. Ct. App. April 28, 2022) A judge must recuse himself "if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000) Relief sought reversal.

CLAIM NINE:  Right to fair trial 14th Amendment violation

Supporting facts: The attorney in my defense did not send me for a competency evaluation before sentencing this un acceptable to the situation in my case and I should have been evaluated beforehand  maybe I would have been able to be sentenced and make sense of what was going on without crying the whole time during my statement to the court. The need to protect an accused from proceeding to trial or sentencing while he or she is incompetent dictates that, if a "sufficient doubt" of competency has been raised, a trial court's failure to make a competency determination violates due process requirements. People v. Morino, 743 P.2d 49, 51 (Colo. App. 1987).People v. Kilgore, 992 P.2d 661, 663, 1999 Colo. App. LEXIS 213, *5, 1999 Colo. J. C.A.R. 4444 (Colo. Ct. App. July 22, 1999) A meaningful post-trial competency determination is possible when the state of the record, together with additional evidence as may be relevant and available, permits an accurate assessment of the defendant's mental competency at the time of the trial. Reynolds v. Norris, 86 F.3d 796 (8th Cir. 1996). Quoting People v. Corichi, 18 P.3d 807, 811, 2000 Colo. App. LEXIS 1292, *8, 2000 Colo. J. C.A.R. 4404 (Colo. Ct. App. July 20, 2000)

## PROOF OF SERVICE

The movant must send a copy of this pleading/ documents and all attachments to Dean Williams, Executive Director of the Colorado Department of Corrections where the movant is confined.

I certify that on __21ˢᵗ Day of July, 2022__ , I mailed a copy of this Motion* for
(date)

Pleading/ documents and all attachments to: <u>Dean Williams, Executive Director of the Colorado Department of Corrections</u>

at the following address:

1250 Academy Park Loop
Colorado Springs, CO 80910
And

PHILLIP J WEISER, ATTORNEY GENERAL of Colorado
OFFICE OF THE ATTORNEY GENERAL RALPH L. CARR JUDICIAL CENTER
1300 BROADWAY, 10TH FLOOR DENVER, CO 80203
And

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO 80294-3589

_Mattis Manuel Barnes_
Movant's Signature